UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE L. FOX, | ) |
| | ) |
| Plaintiff. | ) |
| v. | ) CAUSE NO: 1:18-cv-3411 |
| | ) |
| OSH-IN PHYSICIANS GROUP, P.C.; | ) |
| OAK STREET HEALTH MSO, LLC; | ) |
| d/b/a OAK STREET HEALTH | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case.**

The Plaintiff, Michelle L. Fox ("Fox" and/or "Plaintiff"), brings this action against her former employer, OSH-In Physicians Group, P.C. and Oak Street Health MSO, LLC, doing business as Oak Street Health ("Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**II.  Parties.**

1. Fox, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

2. Defendant OSH-In Physicians Group, P.C. is a domestic professional corporation that maintains offices and conducts business within the Southern District of Indiana, Indianapolis Division.  Defendant Oak Street Health MSO, LLC is a foreign limited liability company that maintains offices and conducts business within the Southern District of Indiana, Indianapolis Division.

1

### III.  Jurisdiction and Venue.

3. Defendants are an "employer" within the meaning of 42 U.S.C. § 2000e(b).

4. Fox was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5. Fox satisfied her obligation to exhaust her administrative remedies and having timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and receiving her Notice of Suit Rights, brings this original action within ninety (90) days of her receipt thereof.

6. Fox is a "person" under 42 U.S.C. § 1981.

7. Fox held an employment relationship with Defendants under 42 U.S.C. § 1981.

8. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1331.

9. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, Indianapolis Division.  Thus, venue is proper in this Court.

### IV.  Factual Allegations

10. Fox is of Lebanese and Arab descent/racial ethnicity.  Fox is part of an ethnically and physiognomically distinctive sub-group of *homo sapiens*.

11. Fox is not African American.

12. Fox commenced her employment with Defendants on or about March 15, 2017, as an advanced provider Nurse Practitioner.

13. At all relevant times of employment, Fox has met and/or exceeded Defendants' legitimate and reasonable performance expectations.

14. Defendants never formally or progressively disciplined Fox prior to her

termination.  Defendants never provided Fox with a negative performance evaluation or placed her on a performance improvement plan or probation prior to her termination.  Defendants promoted Fox from NP1 to NP2, and Defendants offered Fox the position of Medical Director prior to her termination.

15. Defendants consistently provided positive feedback and evaluations to Fox concerning her work performance.

16. On December 16, 2017, Fox attended a Christmas function, outside of business hours, hosted by one of Defendant's physicians.  A number of Defendants' employees (including spouses and significant others) attended this gathering outside of work hours and work location.

17. At this Christmas function, around ten (10) employees, all of whom were African American except for Fox, engaged in an open discussion about the use of certain racial terms, such as the N-word (and variants thereof), as well as the term "cracker," in light of the speaker's own race/ethnicity.

18. During this discussion, Fox and multiple African American employees used the N-word (only "aa" variant, Fox never used "er").  At least two (2) African American employees referred to Caucasians as "crackers."  Fox did not use the term in a disparaging or derogatory sense.

19. Subsequently, Defendants conducted an investigation into Fox's language at the Christmas function.  During the investigation, Fox informed Defendant, among other things, that she was Lebanese and numerous other African American employees openly used racial terms, in fact the exact same language, that night without being investigated.  Fox openly questioned why she, the only non-African American as opposed to others, was the only one being investigated for the same speech.

20. Fox engaged in protected activity under Title VII and Section 1981.

21. On December 21, 2017, Defendants terminated Fox's employment.

22. Defendants' stated reason for the termination is her "culturally and racially insensitive language at the Company's holiday party on December 16, 2017." [Position Statement filed at EEOC].

23. African American employees uttered the exact same speech as Fox, yet Defendants did not label the same speech by African Americans as "culturally and racially insensitive," nor did Defendants terminate the African American employees for use of the same language.

24. Defendants have subjected Fox to less favorable terms, conditions, and privileges of employment because of her race and/or non-affiliation with the African American race. Defendants have different standards for its employees based upon their race. Defendants permitted similarly situated African American employees to use the same racial terms, yet Defendants terminated Fox, the only non-African American employee, for her use of the same speech. Defendants took no disciplinary action against similarly situated African American employees for comparable behavior.

25. Fox has been and continues to be economically and emotionally harmed by Defendant's discriminatory actions.

### V.  Legal Causes of Action

#### COUNT I – RACE DISCRIMINATION – TITLE VII AND 42 U.S.C. § 1981

26. Plaintiff hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint herein.

27. Defendants terminated Fox because of her race/ethnicity/national origin and/or

her non-affiliation with the African American race/ethnicity.  If Fox would have been African American, Defendants would not have terminated her employment.

28. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Fox's legally protected rights under Title VII.

29. Fox has suffered damages as a result of Defendants' unlawful conduct.

### COUNT II – RETALIATION – TITLE VII AND 42 U.S.C. § 1981

30. Plaintiff hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint herein.

31. Fox engaged in protected activity under Title VII and Section 1981.

32. Defendants terminated Fox in retaliation for her protected activity.

33. Defendants' actions were intentional, willful, and done in reckless disregard of Fox's rights.

34. Fox has suffered damages as a result of Defendants' unlawful conduct.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Fox, by counsel, requests that this Court find for her and Order that:

1. Defendants reinstate Plaintiff and/or provide front pay;

2. Defendants pay to Plaintiff all of her lost wages and benefits;

3. Defendants pay to Plaintiff compensatory damages;

4. Defendants pay to Plaintiff punitive damages;

5. Defendants pay Plaintiff any additional lost wages, bonuses, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

6. Defendants pay to Plaintiff pre- and post- judgment interest;

7. Defendants pay Plaintiff's reasonable costs and attorney fees incurred in litigating this; and,

8. Defendants pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court, including equitable and legal relief.

Respectfully submitted,

*s/ Ryan P. Sink*
Ryan P. Sink (27350-29)
FOX WILLIAMS & SINK, LLC
6177 North College Avenue
Indianapolis, IN 46220

rsink@fwslegal.com
Telephone: 317-254-8500

### DEMAND FOR JURY TRIAL

The Plaintiff, Michelle L. Fox, by counsel, respectfully requests a jury trial as to all issues deemed triable.

*s/ Ryan P.Sink*
Ryan P. Sink